UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Ivelisse Montano,

           Plaintiff,

v.

Comenity LLC; and DOES 1-10, inclusive,

           Defendants.

Civil Action No.: _____

## COMPLAINT

Plaintiff, Ivelisse Montano, says by way of Complaint against Defendant, Comenity LLC, as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Ivelisse Montano ("Plaintiff"), is an adult individual residing in Weehawken, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(10).

5.	Defendant Comenity LLC ("Comenity"), is an Ohio business entity with an address of 1300 East Ninth Street, Cleveland, Ohio 44114, and is a "person" as defined by 47 U.S.C. § 153(10).

6.	Does 1-10 (the "Agents") are individual employees and /or agents employed by Comenity and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.	Comenity at all times acted by and through one or more of the Agents.

## FACTS

8.	In August of 2013, Comenity began calling Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice in an attempt to collect an overdue credit card payment.

9.	When Plaintiff answered the calls from Comenity, she was met with a brief period of silence and had to wait to be connected to a live representative.

10.	During a live conversation with Comenity's representative in early September, 2013, Plaintiff directed Comenity to cease calling her.

11.	 Comenity originally had Plaintiff's express consent to contact her at her cellular telephone; however, Plaintiff revoked consent to be called at her cellular telephone during the aforementioned conversation.  Accordingly, Comenity no longer had consent to dial Plaintiff's cellular number after having been directed to cease the calls.

12.	Despite Plaintiff's express revocation of consent, Comenity thereafter continued to place calls to Plaintiff's cellular telephone approximately three times per day, multiple days per week for successive weeks.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Comenity called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Comenity's telephone systems have all the earmarks of a Predictive Dialer. Often times when Comenity called Plaintiff, the phone would ring only two times and then Comenity's telephone system would abandon the call before Plaintiff could answer the telephone.

17.     Often times when Plaintiff answered the phone, Comenity's telephone system did not connect the call to a live representative and the phone system would terminate the call.

3

18. Often times when Plaintiff answered the phone, she was met with a period of silence before Comenity's telephone system would connect her to the next available representative.

19. Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Comenity's phone system would connect Plaintiff to the next available representative.

20. Comenity's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Plaintiff never provided her cellular telephone to Comenity and never provided her consent to be contacted on her cellular telephone, and in fact instructed Comenity on multiple occasions to stop all calls to her.

22. Upon information and belief, Plaintiff never provided her cellular telephone to the Creditor and never gave consent to the Creditor to contact her on her cellular telephone number.

23. In the event Comenity at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her repeated demands to cease calls to her cellular telephone.

24. The calls from Comenity to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Each of the aforementioned calls made by Comenity constitutes a violation of the TCPA.

26. As a result of each of Comenity's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     As a result of each of Comenity's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30.     New Jersey further recognizes Plaintiff's right to be free from invasions of privacy.  Thus, the Defendant violated New Jersey state law.

31.     The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

32.     The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

33.     As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

34. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from the Defendants for all damages, including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial; and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 11, 2013

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237